UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

```
_____
                                  )
RONALD P. SIMARD,                 )
      Plaintiff,                  )
                                  )
v                                 )   No. 1:10-cv-11009
                                  )
LVNV FUNDING, LLC.                )
            and                   )
SOLOMON & SOLOMON, PC.,           )
      Defendants                  )   JURY TRIAL DEMANDED
_____
```

## AMENDED COMPLAINT

NOW COMES the Plaintiff, RONALD P. SIMARD, by and through his attorneys, KIMMEL & SILVERMAN, PC, for his complaint against the Defendants, LVNV FUNDING, LLC. and SOLOMON & SOLOMON, PC., Plaintiff states as follows:

### I.   JURISDICTION & VENUE

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business within the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.   PARTIES

6. RONALD P. SIMARD, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Malden, Massachusetts.

7. LVNV FUNDING, LLC., (hereinafter, "LVNV") is a debt buyer engaged in the collection of debts with a business address located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601.

8. SOLOMON & SOLOMON, PC., (hereinafter, "SOLOMON") is a business entity and upon information and belief a law firm employing lawyers licensed in the Commonwealth of Massachusetts, with an address located at Five Columbia Circle, PO Box 15019, Albany, NY 12212-5019. SOLOMON is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

9. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. At all relevant times, Defendant, LVNV, acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

11. Defendants worked in concert to collect a debt allegedly owed by Plaintiff.

### III. PRELIMINARY STATEMENT

12. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many

debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

15.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

### IV.     ALLEGATIONS

16.     At all pertinent times hereto, Defendants LVNV and SOLOMON attempted to collect a debt which arose out of transactions that were primarily for personal, family or household, purposes.

17.     On or about March 19, 2009, Plaintiff received a summons in the mail that was representative of a lawsuit filed by the Defendants against Plaintiff. The document includes a court docket number and is listed as being filed with "Trial Court of the Commonwealth for the Malden District Court". This is Plaintiff's first notice of an alleged debt and upon review, Plaintiff has at all times disputed it.

18.     On or about April 12, 2009, Plaintiff filed an Answer. (*See Plaintiff's Exhibit A*).

19.     On or about August 25, 2009, Plaintiff filed an objection to the judgment with the Malden District Court. (*See Plaintiff's Exhibit B*).

PLAINTIFF'S AMENDED COMPLAINT

20. Plaintiff's Counsel filed a Notice of Appearance, responded to all discovery sent by Defendant and served Discovery Requests to be answered by Defendant on or before February 25, 2010.

21. On or about March 19, 2010, Defendants withdrew its claim in response to Plaintiff's discovery requests.

22. Upon information and belief, at the time of filing neither LVNV, nor SOLOMON had a good faith basis to pursue the lawsuit.

23. The statute of limitations for collection of an open account is 6 years. *See M.G. L. Title V, Ch. 260 §2.*

24. Upon information and belief, if any debt were incurred, which is specifically denied, the statute of limitations for such alleged debt, regardless of the merits, lapsed long before the filing of suit against Plaintiff.

25. LVNV and SOLOMON used false, misleading and deceptive means in connection with the collection of an alleged debt.

### V.   **CONSTRUCTION OF APPLICABLE LAW**

26. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

27. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I

*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)*

29. Defendants violated the FDCPA, 15 U.S.C. §1692 under the following sections:

    a. §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

    b. §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

    c. §1692e(5) when it threatened to take any action that cannot legally be taken or that is not intended to be taken;

    d. §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the debt;

    e. §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

    f. §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

    g. §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

    h. Defendant violated the FDCPA §1692g, §1692g(a) and §1692g(b), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor.

## II. JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## III. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RONALD P. SIMARD, by and through his attorneys, respectfully pray for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation;

    c.    Plaintiff's attorneys' fees and costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C

Date: June 17, 2010

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 662924
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (215) 540-8817
    Email: kimmel@creditlaw.com