# United States District Court
# District of Massachusetts

RONALD P. SIMARD,
    Plaintiff,

      v.                            CIVIL ACTION NO. 10-11009-NMG

LVNV FUNDING, LLC,
SOLOMON & SOLOMON, P.C.,
    Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANT SOLOMON AND SOLOMON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION FOR FEES UNDER SECTION 15 USC SECTION 1692K OR 28 USC SECTION 1927 (#13)

COLLINGS, U.S.M.J.

### I.   Introduction

Ronald P. Simard ("Plaintiff") filed a two count complaint (#1) against

LVNV Funding, LLC ("LVNV") and Solomon & Solomon, P.C. ("Defendant") on

June 16, 2010.  Plaintiff filed an amended one count complaint (#3) against Defendant and LVNV on June 17, 2010.  Plaintiff filed a second amended complaint (#6) against Defendant and LVNV on August 13, 2010.  The claim alleged in the second amended complaint is:  (Count I) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

Defendant filed a motion to dismiss (#13) for failure to state a claim upon which relief may be granted together with a memorandum in support (#14) on September 1, 2010.  LVNV filed a motion to dismiss (#16) on September 2, 2010.  The Plaintiff filed a memorandum in opposition to Defendant and LVNV's motion to dismiss (#21) on September 15, 2010.  On November 17, 2010, the Court granted a stipulation of dismissal for LVNV. (#22)

At this juncture, Defendant's motion to dismiss stands ready for decision.

## II.  Factual Background

On or about November 28, 2008, Defendant sent Plaintiff correspondence in an attempt to collect a debt allegedly owed to LVNV. (#6 ¶ 20)  While the correspondence stated that LVNV was the creditor, LVNV was actually the debt buyer and the original creditor was Sears. (#6 ¶ 21)  The correspondence stated that Plaintiff had thirty (30) days to dispute or request verification of the debt.

(#6 ¶ 22)  Plaintiff alleges that because Defendant's correspondence listed LVNV as the creditor, Plaintiff did not exercise his rights to dispute or request verification of the debt. (#6 ¶ 23)  On or about January 21, 2009, Defendant filed a complaint on behalf of LVNV in the Malden District Court in Malden, Massachusetts (the "Civil Complaint"), seeking a judgment for the amount of the alleged debt. (#6 ¶ 24)  Plaintiff received a copy of the Civil Complaint which identified LVNV as the plaintiff and stated that Plaintiff "'entered into a credit agreement with the original creditor, Sears' and that Defendant LVNV was the 'owner and holder thereof.'" (#6 ¶¶ 25, 28, Exhibit B)  On or about April 12, 2009, Plaintiff, acting *pro se*, responded to the Civil Complaint. (#6 ¶ 30)  On or about August 6, 2009, a default judgment was entered against Plaintiff, in favor of LVNV, in the amount of $3,373.69. (#6 ¶ 31)  The court granted Plaintiff's motion requesting removal of the default judgment on or about August 25, 2009. (#6 ¶ 32)

On or about December 29, 2009, Defendant sent Plaintiff discovery requests which Plaintiff alleges sought to have him acknowledge ownership of the debt. (#6 ¶¶ 33 – 34)  On or about January 16, 2010, Plaintiff responded to Defendant's discovery request by stating that he did not owe the alleged debt

and did not possess any related documents and included a request for validation of the debt. (# 6 ¶¶ 35 – 36)   On or about February 3, 2010, Defendant responded to Plaintiff's validation request by stating that Plaintiff was "outside of the period to request such documentation" but did provide certain information including a Bill of Sale and Assignment and October and November 2003 account statements. (#6 ¶ 37)   Plaintiff alleges that because the account statements contained two different outstanding amounts they were confusing and misleading and made it unclear to Plaintiff whether the amount Defendant and LVNV "were attempting to collect from him was the true amount due and owing." (#6 ¶¶ 39 – 41)   Plaintiff alleges that the copy of the Bill of Sale and Assignment provided by Defendant regarding the assignment of the debt by Sears to LVNV was unsigned and did not contain information regarding Plaintiff's account; therefore, Plaintiff alleges he was unsure whether LVNV had a legal right to collect the alleged debt. (#6 ¶ 44)

On or about March 19, 2010, Defendant, on behalf of LVNV, withdrew the Civil Complaint against Plaintiff. (#6 ¶ 45)  Plaintiff alleges that Defendant used "false misleading and deceptive means in its attempt to collect the alleged debt from Plaintiff." (#6 ¶ 47)

### III.  The Legal Standard

4

A motion to dismiss for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), requires "accepting as true all well-pleaded facts in the complaint and drawing all reasonable inferences in the plaintiffs' favor." *Sutliffe v. Epping Sch. Dist.*, 584 F.3d 314, 325 (1 Cir., 2009) (citation omitted). A party's Rule 12(b)(6) motion to dismiss challenges the ability of an opponent's complaint to state a claim. The Supreme Court adopted the view that the complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). That means that a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal quotation marks, citation and alteration omitted). The factual allegations in the complaint must, accordingly, be specific enough to cross "the line from conceivable to plausible." *Bell Atlantic Corp.*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

(2009) (citation omitted).  "Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citation omitted).  A court does not have to accept as true allegations in a complaint that are legal conclusions. *Iqbal*, 129 S.Ct. at 1949.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" *Santana-Castro v. Toledo-Dávila*, 579 F.3d 109, 113-14 (1 Cir., 2009)(citing *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1 Cir., 2008)).  "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Id.*

### IV. Discussion

6

The Fair Debt Collection Practices Act ("FDCPA") is a federal statute that prohibits abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e) (2011).   Plaintiff alleges Defendant violated the FDCPA by "[h]arassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d" and by using "false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e", including "[f]alsely representing the character, amount or legal status of any debt" and by "[u]sing false representations or deceptive means to collect or attempt to collect a debt . . . ." (#6 ¶ 51(a) – (d))   Plaintiff also alleges Defendant used "unfair or unconscionable means to collect or attempt to collect" the debt, in violation of 15 U.S.C. § 1692f and that Defendant sought to collect "an amount not expressly authorized by an agreement creating the debt, in violation of 15 U.S.C. § 1692f(1)." (#6 ¶ 51(e) – (f))

A.  *FDCPA Statute of Limitations*

The FDCPA provides that an action to enforce liability under the statute "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction,

within one year from the date on which the violation occurs." 15 U.S.C. §
1692k(d)(2011).  The statute "does not specifically define the date on which
the violation occurs" thereby triggering the one year statute of limitations
period. *Prade v. Jackson & Kelly*, 941 F. Supp. 596, 600 (N.D.W.Va. 1996).  The
First Circuit has not addressed the issue; however, decisions from many district
courts and a few circuit courts provide guidance regarding events which create
violations and serve as the accrual date for the statute of limitations.  If a
plaintiff's FDCPA violation arises from demand letters sent by the debt collector,
the statute of limitations may accrue from the date on which the letter is mailed
or the date it is received. *Mattson v. U.S. W. Communications, Inc.*, 967 F.2d
259, 261 (8 Cir., 1992)(mailing the demand letter triggers the statute of
limitations because mailing the letter is the debt collector's last opportunity to
comply with the FDCPA); *Seabrook v. Onondaga Bureau of Med. Econ., Inc.*, 705
F. Supp. 81, 83 (N.D.N.Y. 1989)(district court stated, in dictum, it was more
likely that the FDCPA violation occurred when plaintiff received the demand
letter).  Furthermore, each threatening letter may constitute a separate violation
of the FDCPA and commence a new statute of limitations period. *Kaplan v
Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000).

Generally, if a plaintiff's FDCPA claim arises from a debt collection suit filed in state or municipal court, the statute of limitations runs from the day the complaint is filed or the day the plaintiff is served with a copy of the complaint. *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10 Cir., 2002) (no violation occurs until the plaintiff is served); *Naas v. Stolman*, 130 F.3d 892, 893 (9 Cir., 1997) (cause of action accrues upon the filing of a debt collection lawsuit). The date of filing or date of service is important because the date is easily ascertainable. *Johnson*, 305 F.3d at 1114 n.4 (date of service is easily ascertainable because of requirement for proof of service); *Naas,* 130 F.3d at 893 (filing date is easily ascertainable). The initiation of a debt collection suit constitutes a violation of the FDCPA because "[f]iling a complaint is the debt collector's last opportunity to comply with the Act ...." *Naas*, 130 F.3d at 893. The filing date or date of service for the debt collection suit often serves as the accrual date for the statute of limitations because it puts the plaintiff on notice of the alleged FDCPA violation. *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ 0990 (RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998)(plaintiff was "on notice of the misrepresentation and unconscionable debt collection means when the State Action was filed, and it was at that time that the violation accrued"); *Prade*, 941

F. Supp. at 600 n.5 (court may presume plaintiff is aware of a potential FDCPA violation when plaintiff is served and first becomes aware of the state court action). Usually, a default judgment in a debt collection suit does not constitute a FDCPA violation if determined that the plaintiff was already aware of the state court action. *Prade*, 941 F. Supp. at 600 n.5. The statute of limitations may accrue from the date the court enters a default judgment but only if determined that the plaintiff did not have prior notice of the debt collection suit. *Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000).

Plaintiff's initial FDCPA complaint was filed on June 16, 2010 and alleges that Defendant engaged in debt collection activities which constituted FDCPA violations from November 2008 through April 2010. (#21 at 9)  There is no doubt that the statute of limitations bars Plaintiff from claiming the FDCPA violation occurred when the demand letter was sent or received or when the Civil Complaint was filed or served on Plaintiff.  The FDCPA claim was filed more than one year after the demand letter was mailed to or received by Plaintiff and more than one year after the Civil Complaint was filed or served on Plaintiff.[1] (#6 ¶¶ 20, 24-5, 30); *Santana-Castro*, 579 F.3d at 113–14;

---

[1]       Plaintiff's Second Amended Complaint does not contain the date on which Plaintiff was served with a copy of the Civil Complaint. (#6)  In Plaintiff's Brief in Opposition to the Motion to Dismiss, Plaintiff states

*Johnson*, 305 F.3d at 1113; *Naas*, 130 F.3d at 893; *Mattson*, 967 F.2d at 261;

*Seabrook*, 705 F. Supp. at 83.  Plaintiff alleges four events occurred within one

year preceding the filing of the FDCPA claim which constitute FDCPA violations

and are not barred by the statute of limitations. (#21 at 9)   The alleged

violations occurred on:  (1) August 6, 2009, when Defendant sought the default

judgment against Plaintiff; (2) December 29, 2009, when Defendant, on behalf

of LVNV, sent Plaintiff discovery requests; (3) February 3, 2010, when

Defendant, on behalf of LVNV, provided Plaintiff with the account statements

and unsigned Bill of Sale and Assignment; and (4) March 19, 2010, when

Defendant, on behalf of LVNV, withdrew the Civil Complaint against Plaintiff,

without prejudice, leaving open the possibility for Defendant and LVNV to re-

file the claim. (#21 at 9)

Although courts may vary in determining when a plaintiff is on notice of

a FDCPA violation stemming from a debt collection suit, it is clear that Plaintiff

had notice of the Civil Complaint more than one year prior to the filing of the

FDCPA complaint. (#6 ¶¶ 24-25, 30)  It may be determined that Plaintiff was

aware of the Civil Complaint on or before April 12, 2009, when he responded

---

he received a copy of the Civil Complaint in March 2009. (#21 at 3)  In Plaintiff's Amended Complaint, Plaintiff stated he received a summons representative of the Civil Complaint on or about March 19, 2009. (#3 ¶ 17)

to the Civil Complaint and the statute of limitations may be accrued as of that date. (#6 ¶ 30); *Prade*, 941 F. Supp. at 600 n.5.  Since Plaintiff had notice of the Civil Complaint prior to the default judgment, *Campos* may be distinguished and a separate statute of limitations will not accrue from the date Defendant sought the default judgment against Plaintiff. 120 F. Supp.2d at 1274.

B. *Continuing FDCPA Violations*

Under a continuing violation theory, each new communication from the debt collector is viewed as a separate violation and a new statute of limitations period accrues. *Nutter v. Messereli & Kramer*, P.A., 500 F. Supp.2d, 1219, 1223 (citing *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). However, if the new communication concerns an old claim, the new communication is subject to the statute of limitations period for the old claim. *Nutter*, 500 F. Supp.2d at 1223 (citing *Campos*, 120 F. Supp.2d at 1274). Furthermore, communications considered to be part of the course of litigation are not viewed as separate or "continuing violations" of the FDCPA and therefore do not trigger a new accrual date for the statute of limitations. *See also*: *Ruth v. Unifund CCR Partners*, No. 5:08CV2689, 2009 WL 585847, at *10 (N.D. Ohio Mar. 6, 2009), *aff'd,* 604 F.3d 908 (6 Cir., 2010); *Schaffhauser v.*

*Burton Neil & Assocs.*, No. 1:05-CV-02075, 2008 WL 857523 at *3 (M.D. Pa. 2008) (*aff'd Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. Appx. 128, 2009 WL 2400254 (3 Cir., 2009)).  "For conduct during litigation to be actionable, a plaintiff must allege . . .  that the conduct is a violation of the FDCPA independent of the act of filing suit." *Schaffhauser,* 2008 WL 857523 at *3. Maintaining a lawsuit or requesting discovery during the course of the litigation do not constitute violations independent of filing the complaint. *Ruth*, 2009 WL 585847 at *10.  Communications which are part of the course of litigation are not considered continuing violations of the FDCPA because the plaintiff is on notice of the facts which form the basis for the FDCPA claim (i.e. misrepresentations and unconscionable debt collections) when the state or municipal court action is filed. *Calka*, 1998 WL 437151 at *3.

Typically, a continuing violation theory applies where a debt collection suit was not initiated but the debt collector engaged in a series of harassing communications. *See also Ellis v. General Revenue Corp.*, No. 3:09-cv-1089 (CFD), 2011 WL 1106230, at **5–6 (D. Conn. Mar. 23, 2011) (misstatements which are repeated in court documents are not considered new violations which restart the FDCPA statute of limitations; however, misstatements which are

repeated in agreements mailed to consumers are considered new violations);

*Kaplan*, 88 F. Supp. 2d at 1360 (court may assert jurisdiction over certain

dunning letters which were sent to the plaintiff within the one year time period

prior to the filing of the FDCPA complaint); *Pittman v. J.J. Mac Intyre Co. of

Nev., Inc.*, 969 F. Supp. 609, 611 (D. Nev. 1997) (statute of limitations did not

preclude court from exercising jurisdiction over communications made to

plaintiff within the one year statute of limitations period). In some instances,

although a communication may be connected to existing litigation, it may also

be considered a separate FDCPA violation.

> [A]ctions occurring *within* the limitations period are
> not necessarily off-limits under the FDCPA just because
> they fall within the scope of a lawsuit which was filed
> *outside* the limitations period.   Conduct which
> independently violates the FDCPA is actionable if it
> falls within the limitations period, even if undertaken
> in pursuit of litigation that was filed outside the
> limitations period.

*Jones v. Investment Retrievers, LLC*, No. 3:10-CV-1714, 2011 WL 1565851 at *3
(M.D. Pa. 2011).

A misrepresentation made about the status of a discovery request may

create a new violation if the misrepresentation is unrelated to existing claims in

the underlying complaint. *Nutter*, 500 F. Supp.2d at 1223.  A debt collector's

attempt to garnish wages or collect on an allegedly invalid state court

14

judgement may be actionable events although such events are related to an underlying debt collection suit. *Foster v. D.B.S. Collection Agency*, 463 F. Supp.2d 783, 799 (S.D. Ohio 2006).  A debt collector's repeated failures to respond to a consumer's requests for documents relating to an alleged debt may not clearly relate back to the filing of the debt collection suit and may be independently actionable. *Jones,* 2011 WL 1565851 at *4.

Plaintiff asserts that each of the four acts alleged in the Second Amended Complaint are independent from the Civil Complaint.  A default judgment, communications regarding discovery and the voluntary dismissal of a lawsuit are all events which normally occur during the course of litigation and are not independently actionable. *Ruth*, 2009 WL 585847 at *10; *Schaffhauser*, 2008 WL 857523 at *3.  While the December 29, 2009 discovery request and the February 3, 2010 correspondence from Defendant may be considered new communications, they are not new FDCPA violations because they are related to the alleged  misstatements regarding the alleged debt which were made in the Civil Complaint. *Nutter*, 500 F. Supp.2d at 1223.  Alleged misstatements made during discovery may create new FDCPA violations, however, only if the communication is a misrepresentation unrelated to an old claim. *Nutter*, 500 F.

Supp. 2d. at 1223.   Since Defendant requested information regarding the alleged debt which was the basis for the Civil Complaint and the Plaintiff was already on notice of the Civil Complaint, the discovery request does not create a new FDCPA violation. (#6 ¶ 33); *Nutter*, 500 F. Supp.2d. at 1223.   In addition, the information provided by Defendant to Plaintiff in response to the validation request was provided in the course of discovery and did not contain any new or additional misstatements not contained in the Civil Complaint. (#6 ¶¶ 37-40, 44); *Nutter*, 500 F. Supp.2d. at 1223.   Although there may be certain events which are related to existing litigation and also independently actionable, Plaintiff does not allege such events.   Plaintiff does not allege that Defendant attempted to collect on an invalid state court judgment. *Foster*, 463 F. Supp.2d at 799.   Nor does Plaintiff allege that Defendant repeatedly failed to respond to documentation requests. *Jones*, 2011 WL 1565851 at *4.   In fact, from the face of the complaint, it appears that Defendant provided documentation in response to Plaintiff's initial request. (#6 ¶¶ 35, 37)

It is clear from the face of Plaintiff's second amended complaint that each of the four acts relate back to the Civil Complaint and are not independent FDCPA violations.   Since each of the events are part of the Civil Complaint's

course of litigation and communications related to the Civil Complaint, these alleged violations are barred by the statute of limitations because the accrual date for the Civil Complaint was at least as of April 12, 2009 which was more than one year before Plaintiff filed the FDCPA complaint. *Nutter*, 500 F. Supp. 2d at 1223; *Ruth*, 2009 WL 585847 at *10; *Schaffhauser*, 2008 WL 857523 at *3.  Since the dates are clear from the face of the complaint and because Plaintiff fails to make factual allegations that would warrant the creation of a new FDCPA violation with a new statute of limitations, dismissal is appropriate. *Santana-Castro*, 579 F.3d at 113-14.

C.  *Validation Request*

The FDCPA provides that in its initial debt collection communication with a consumer, a debt collector must provide a statement that the consumer has thirty days to dispute the validity of the debt or it is assumed valid. 15 U.S.C. § 1692(g)(a)(3).  If the consumer disputes the debt within the thirty day period or requests additional information, the debt collector must cease collection of the debt until it receives verification of the debt, a judgment, or the name of the original creditor and such information is provided to the consumer. 15 U.S.C. § 1692g(b).  If the consumer does not respond within the 30 day period

17

provided under the statute, the consumer waives the right to have the debt verified and the debt collector does not have a duty to verify the debt pursuant to 15 U.S.C. § 1692g(b). *Jones*, 2011 WL 156851 at \*6; *Senftle v. Landau*, 390 F. Supp.2d 463, 475 (D. Md. 2005).

Plaintiff's validation request was invalid because it was made after the 30 day period provided by the FDCPA; therefore, Defendant was not required to provide Plaintiff with the information requested. 15 U.S.C. § 1692g(b); *Jones*, 2011 WL 156851 at \*6; *Senftle*, 390 F. Supp. 2d at 475.  Plaintiff's validation request was made on January 16, 2010 and was included in his response to Defendant's discovery requests. (#6 ¶¶ 35-36)   Defendant's initial communication with Plaintiff regarding the collection of the alleged debt contained the validation statement required by the FDCPA and was sent on November 28, 2008. (#6 ¶ 20, Exhibit A); 15 U.S.C. § 1692g(a).  Since Plaintiff did not make a validation request until more than a year after receiving the initial communication, he was clearly outside of the 30 day period provided by the FDCPA and therefore waived his right to request validation of the debt and Defendant was under no obligation to provide Plaintiff with the information requested. *Jones*, 2011 WL 156851 at \*6; *Senftle*, 390 F. Supp.2d at 475.  Since

the validation request is invalid, it may be viewed as a communication in the course of discovery of existing litigation and therefore is not independently actionable. *Ruth*, 2009 WL 585847 at *10.

D.  *Discovery Requests*

Discovery requests conducted by a debt collector in connection with a debt collection suit are not violations of the FDCPA. *Jones*, 2011 WL 1565851 at *6. In *Jones,* the plaintiff alleged that the defendant's discovery request attempted to make her acknowledge that she owed the debt and that this action violated the FDCPA. *Jones*, 2011 WL 1565851 at **1, 6.  However, the court found that a request for admission was not oppressive and that the plaintiff failed to state that the discovery request violated the FDCPA. *Jones*, 2011 WL 1565851at *6.

Plaintiff makes the same argument that Defendant's requests for admissions, document production and interrogatories attempted to have Plaintiff acknowledge that he owed the outstanding debt. (#6 ¶ 33; #21 at 4) While it is clear that the December 29, 2009 discovery request relates back to the Civil Complaint and is therefore barred by the statute of limitations, it is also clear that a discovery request does not violate the FDCPA. *Jones*, 2011 WL

1565851at *6; *Ruth*, 2009 WL 585847 at *10.

## V. Conclusion and Recommendation

For all reasons stated, I RECOMMEND that Defendant Solomon And Solomon's Motion To Dismiss Plaintiff's Complaint, Motion For Fees Under Section 15 USC Section 1692K Or 28 USC Section 1927 (#13) be ALLOWED to the extent that Final Judgment enter dismissing the Second Amended Complaint and that said motion (#13) be otherwise DENIED, the Court not finding that the plaintiff's cause, although subject to dismissal, was "...brought in bad faith and for the purpose of harassment...". 15 U.S.C. § 1692k(a)(3).

## VI.  Review by the District Judge

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v.*

*Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

September 9, 2011.